# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| IBIRONKE AKINTAJU, | * | |
| | * | No. 17-1574V |
| Petitioners, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 22, 2021 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Shoulder injury; onset; dismissal |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

Renee Gentry, George Washington University Legal Clinic, Washington, DC, for petitioner;
Darryl Wishard, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Ibironke Akintaju alleged that the influenza ("flu") vaccine she received on October 23, 2014 caused her an allergic reaction and shoulder pain. Pet., filed Oct. 20, 2017, at Preamble; ¶ 4. On March 5, 2021, Ms. Akintaju moved for a decision dismissing her petition.

### I. Procedural History

Ms. Akintaju's petition alleges that she received the flu vaccination. Petition, filed October 20, 2017. The petition does not identify any specific injury that the flu vaccination might have caused. The petition, however, does refer to two problems – first, an allergic reaction manifesting as hives, facial swelling, sneezing, watery eyes, etc. and second, shoulder pain. Petition ¶ 4. Ms. Akintaju

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

filed records from doctors who treated her, including Dr. Mercy Obamogie and Dr. Bruce Rind.

The Secretary reviewed those records. The Secretary maintained that the medical records are not reliable due to internal inconsistencies. Resp't's Rep't, filed Sep. 7, 2018, at 11. With his report, the Secretary filed a Consent Order from the Maryland State Board of Quality Assurance in which Dr. Rind was reprimanded and placed on probation for 18 months. Dr. Rind had been charged with, among other problems, failing to keep adequate medical records. Exhibit A (In the Matter of Bruce Rind, No. 98-0507, Maryland State Board of Physician Quality Assurance, dated Dec. 20, 2000).

Ms. Akintaju developed additional evidence, including personnel files from various companies who employed her as a nurse and affidavits from coworkers. When the documentary record appeared complete, the parties set forth their positions regarding the onset of Ms. Akintaju's shoulder pain. Pet'r's Statement, filed Aug. 13, 2020; Resp't's Statement, filed Sep. 8, 2020.

Ms. Akintaju and three other witnesses testified orally at a hearing held on November 18, 2020. All participants appeared via video teleconferencing. Following the hearing, Ms. Akintaju explored the availability of other documents. She filed a VAERS report as exhibit 31.

A ruling found that Ms. Akintaju's shoulder pain began no sooner than January 1, 2015, which is more than two months after her vaccination. After being directed to respond to this ruling, Ms. Akintaju filed a motion to dismiss her petition on March 5, 2021.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

2

In this case, petitioner filed medical records in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'rs' Mot., filed March 5, 2021, ¶ 3.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, the undersigned issued findings of fact on February 9, 2021. Akintaju v. Sec'y of Health & Human Servs., No. 17-1574V, 2021 WL 2155088 (Fed. Cl. Spec. Mstr. Feb. 9, 2021). After consideration of all evidence, documentary and testimonial, the undersigned found that Ms. Akintaju's shoulder pain began after December 31, 2014 and before January 28, 2015. Id. at *8-9. Petitioner moved to dismiss her petitioner on March 5, 2021.[2]

The finding that Ms. Akintaju's shoulder pain began months after vaccination precludes Ms. Akintaju from successfully pursuing an on-Table SIRVA claim. See 42 C.F.R § 100.3(c)(10). Because Ms. Akintaju cannot receive compensation for an on-Table injury, she could, potentially, claim an off-Table injury. 42 U.S.C. § 300aa–11(c). Such a claim would require support from either "medical records" or "medical opinion." 42 U.S.C. § 300aa–13(a). But, Ms. Akintaju has not presented any evidence consistent with the finding that her shoulder pain started no earlier than January 1, 2015. Thus, Ms. Akintaju's case lacks sufficient probative evidence to award her compensation.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Before moving to dismiss her petition, petitioner filed a motion to redact the findings of fact on February 21, 2021. The motion to redact was denied, and the findings of fact as well as the order denying redaction were made publicly accessible.