# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * *

IBIRONKE AKINTAJU,            \*

                                   \*       No. 17-1574V

               Petitioner,      \*       Special Master Christian J. Moran

                                   \*

v.                               \*       Filed: August 8, 2022

                                   \*

SECRETARY OF HEALTH      \*       Attorneys' Fees and Costs

AND HUMAN SERVICES,      \*

                                   \*

              Respondent.     \*

* * * * * * * * * * * * * * * * * * * * * *

Renee J. Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      Pending before the Court is Ibironke Akintaju's ("petitioner") motion for final attorneys' fees and costs. She is awarded **$50,849.82**.

                          \*         \*         \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 20, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on October 23, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her an allergic reaction and shoulder pain. In order to determine onset, the undersigned held a fact hearing on November 18, 2020. The undersigned issued his findings of fact on February 9, 2021. In response, petitioner filed a motion to dismiss her petition on March 5, 2021. The undersigned issued his decision dismissing the petition for insufficient proof on June 22, 2021. 2021 WL 2818361.

On October 21, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $56,499.80 and attorneys' costs of $0.00 for a total request of $56,499.80. Fees App. at 1. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs related to the prosecution of her petition. Id. at 2. On October 25, 2021, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*       \*       \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

 Petitioner requests the following rates of compensation for the work of her counsel: for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, and $489.00 per hour for work performed in 2021; and for Mr. Clifford Shoemaker, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case. See, e.g., Chilazi v. Sec'y of Health & Human Servs., No. 17-221V, 2021 WL 3931913 (Fed. Cl. Spec. Mstr. July 1, 2021); Temes v. Sec'y of Health & Human Servs., No. 16-1465V, 2021 WL 2375787 (Fed. Cl. Spec. Mstr. Apr. 15, 2021); Hoefling v. Sec'y of Health & Human Servs., No. 18-1935V, 2020 WL 6109440 (Fed. Cl. Spec. Mstr. Sep. 14, 2020).

   B.      Reasonable Number of Hours

   The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

   The undersigned has reviewed the submitted billing entries and finds that a reduction to the time billed must be made for several reasons. First, many of Mr. Shoemaker's billing entries for communication (such as phone calls and e-mails to the client and other parties) is vague because it does not mention the topic of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Mr. Shoemaker has previously been cautioned that his billing entries should contain greater detail. Oliver v. Sec'y of Health & Human Servs., No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); Price v. Sec'y of Health & Human Servs., No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); Prokopeas v. Sec'y of Health & Human Servs., No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017).

   Second, Ms. Gentry billed time for the drafting of pro forma documents accompanying the filing of various exhibits. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009). In the undersigned's experience, at a larger firm the drafting of such documents would typically be handled by paralegals because they do not require any specialized legal experience to create. To Ms. Gentry's credit, she delineated other paralegal tasks from her normal time billed and charged an appropriate paralegal amount for those entries.

   Finally, the undersigned notes that an excessive amount of hours have been billed as part of the GWU Vaccine Clinic, both in its general administration and in specific billing entries. Specific concerning entries include four hours billed on "Working on America brief" without any indication what that brief was about (and no brief being filed by petitioner around or after the date the work was performed) and vague descriptions of communication with the client and preparation for the fact hearing. Given that multiple student attorneys billed time to hearing

4

preparation, it would have been helpful if the billing entries described with some detail what exactly they were doing to prepare for the hearing in order to ensure there wasn't a duplication of efforts. The hearing itself was straightforward and in the undersigned's experience, typically would have been handled by one attorney, and upon review, the total hours billed for hearing preparation are indeed high.

A more general issue is the amount of time billed by Ms. Gentry, Mr. Shoemaker, and the student attorneys on class meetings. As other special masters have noted, although the clinic provides a hands-on experience with supervision from knowledgeable attorneys, "the attorneys should not bill this teaching function to the Vaccine Program." Grant v. Sec'y of Health & Human Servs., No. 17-1816V, 2019 WL 6588294, at *9 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). This issue has previously been noted several times in other cases involving the GWU Vaccine Clinic. See, e.g., Davis v. Sec'y of Health & Human Servs., No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017); Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016). The undersigned notes that billing for this teaching function extended beyond the student attorneys who actually participated in the hearing - one student attorney billed three hours to attend the hearing although she performed no other casework. Fees App. at 27. It is extremely unlikely that any client would pay for an attorney or paralegal with no prior involvement in the case to merely watch the hearing. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority.")

Overall, the undersigned finds that a ten percent reduction is appropriate in order to achieve "rough justice." Fox v. Vice, 563 U.S. 826, 838 (2011). However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues. See, e.g., Burgos v. Sec'y of Health & Human Servs., No.16-903V, 2022 WL 1055355, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2022).

Petitioner is therefore awarded attorneys' fees in the amount of $50,849.82.

C.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$50,849.82** (representing $50,849.82 in attorneys' fees and $0.00 in attorneys'

costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Ms. Renee Gentry.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.